PJD Corporate Realty, Inc. v Henry George Sch. of Social Science (2023 NY Slip Op 06100)

PJD Corporate Realty, Inc. v Henry George Sch. of Social Science

2023 NY Slip Op 06100

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 652616/17 Appeal No. 1115 Case No. 2023-00792 

[*1]PJD Corporate Realty, Inc., Plaintiff-Appellant,
v
Henry George School of Social Science et al., Defendants-Respondents, Edinburgh Seven Seas LLC, Defendant.

Dilworth Paxson LLP, New York (Patrick J. Dwyer of counsel), for appellant.
Solbakken Angelillo LLP, New York (Robert C. Angelillo of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered September 26, 2022, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint as against defendant Henry George School of Science (HGS), denied plaintiff's cross-motion to compel compliance with subpoenas directed to defendant HGS and defendant Douglas Elliman Real Estate, and granted HGS's and Douglas Elliman's motions to quash the subpoenas and for protective orders, unanimously reversed, on the law, without costs, the motion for summary judgment denied, the order vacated insofar as it granted HGS's and Douglas Elliman's motions to quash and denied plaintiff's cross-motions to compel, and the matter remanded for determination of the motions to quash and the cross-motions to compel.
HGS did not establish its entitlement to summary judgment dismissing the complaint as against it. HGS cannot show that under either this Court's prior decision in this matter (PJD Corporate Realty Inc. v Henry George Sch. of Social Science, 184 AD3d 440 [1st Dept 2020]) or other case law, a plaintiff broker's claim is viable only where a right to a commission from the seller has been formally secured in a retention agreement or by a separate contract. Such a claim is viable where, as here, the only agreement is between the buyer's exclusive broker and the buyer, and the agreement provides that the broker will "look to" the seller for its commission. Where the evidence suggests that a buyer failed to call a seller's attention to the identity of an exclusive broker, thus frustrating the broker's opportunity to look to the seller in order to secure its commission, that evidence is sufficient for a valid claim by the broker against the buyer for breach of an exclusive broker agreement. Further, the commission that the seller paid to a third-party broker provides the basis, among other things, for measuring the potential damages recoverable by the buyer's exclusive broker on its claim (see Interactive Props. v Doyle Dane Bernbach, 125 AD2d 265, 268 [1st Dept 1986], lv denied 70 NY2d 613 [1987]; Kaplon-Belo Assoc. v Cheng, 258 AD2d 622, 622-623 [2d Dept 1999]).
Since the court's dismissal of the remaining claims was the basis for its quashing
the subpoena, the reinstatement of plaintiff's claims against HGS requires further proceedings on the motions to quash and the motions to compel. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023